IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

versus                              Criminal No. 99-322(PG)

WILKINS MALDONADO GARCIA,

    Defendent.

------------------------------------

### MOTION FOR ENFORCEMENT OF PLEA AGREEMENT IN THIS WITHIN CRIMINAL MATTER OR OTHER RELIEF

COMES NOW, Defendent appearing Pro-Se who respectfully asks that this Court enforce the plea agreement as entered into and accepted in this within cause of action and or abrogate the plea and conduct such and further proceedings as are appropriate under due process of law.

### STATEMENT OF RELEVANT FACTS INVOLVED

the plea in this matter was secured by a plea agreement which was duly ratified by all parties and accepted by this Court in this within criminal matter. [A copy of the plea agreement is attached hereto and incorporated as a part hereinafter as exhibit "A".]

At paragraph 13, the parties to the plea agreement agreed as follows:-

> "The parties additionally understand that the defendent shall administratively receive credit pursuant to 18 U.S.C. §3585(b) for any time spent in official detention including time spent in the custody of the Commonwealth of Puerto Rico as a result of the offenses charged in Count One and/or Count Two, provided that such official detention has not been credited against another sentence.

(1)

> While any such credit is to be administratively assessed
> by the Bureau of Prisons, see United States -v- Wilson
> 503 U.S. 329 (1992) the parties stipulate that the
> defendent spent time in the custody of the Commomwealth
> of Puerto Rico as a result of the offense charged in
> Count One and request the the Court include in it's
> Judgement a recommendation that the Bureau of Prisons
> inquire into this matter."

Defendent and subsequent detention on criminal charges which were ultimately dismissed by Puerto Rico in favor of this federal prosecution as reflected in count One and Two of the Indictment. Date of arrest December 7 1997.

The agreement further stipulated that the defendent would receive such credits from the Federal Bureau of Prisons which is an administrative agency of the Department of Justice and a party to the plea agreement by it's representative the United States Attorney's Office of this District as to which the defendent was entitled as a matter of law.

The provisions of the agreement are coached in **manadatory language of shall** and this provision of the plea agreement has been abrogated and unfulfilled occasioned by the Government's refusal to investigate and make such an award of credits of said confinement time as covered by the agreement. (Copies of the Administrative Remedy Compliance within the Federal Bureau of Prisons at annexed hereinafter as exhibit "B" collectively.)

The Federal Bureau of Prisons claims inter alia in thier administrative remedy review of this matter that the defendent was credited this period of confinement in a Puerto Rico case relative to the criminal activity of the April 30 1998 Puerto Rico criminal matter. The credits sought therein were not and could not have been entered as a matter of fact in that criminal

activity and were not so credited by Puerto Rico.

The Government has breached the plea agreement in this matter as the period of post-arrest confinement of the defendent by Purto Rico from December 7 1997 until the defendent bailed in that matter and was in a bail status at the time of arrest in 1998 on a unrelated Puerto Rico matterwhere sentence was imposed April 30 1998.

Defendent further placed information into the hands of the Federal Bureau of Prisons reflecting that the status of that arrest and subsequent incarceration prior to being bailed was accountable and could be verified by contacting Probation Officer Basora at telephone number 787 766 5814 (5596).

Defendent also sought the concurrent credits on the latter arrest of theft on March 28 1999. This dual credit flows from the Marshal assumption date of Parole from Puerto Rico on August 19 2000.

The Government has never been actively involved in the investigation of this matter as referenced by thier response in the administrative actions where they have ignored this aspect of the plea agreement and no credits have ever been determined as due.

As a proximate result of Government inaction the lack of all credit being awarded to this defendent constitutes a breach of the plea agreement made in good faith and requires appropriate action by this Court to either order that the provisions of the plea agreement be fully complied with by the Government and or that the breach of the agreement requires such and further action in this within criminal matter.

(3)

## ARGUMENT IN SUPPORT OF GRANTING RELIEF HEREIN

### I.

### THE PETITIONER'S SECOND PRONG CLAIM IS CONTROLLED BY THE DECISION AS REACHED IN BROWN v. PERRILL, 21 F. 3d 1008 on rehearing 28 F. 3d 1073 (10th Cir. 1994)

The Government in their response to administrative remedies as sought by this petitioner claim, inter alia, that the second prong request for credit sought by the petitioner, ie. date of turn over of petitioner to Federal Custody by Puerto Rico until date of sentencing is appropriate,. canno be afforded him because there was a credit of that time to the Puerto Rico sentence by the Puerto Rico authorities.

There is no evidence of this claim, merely the word of a prison official, who apparently has made no investigation of the relevant facts involved in this matter, which are appearing otherwise.

The facts here indicate that the petitioner was borrowed from the Puerto Rico authorities, however there was no writ involved, rather there was a release into federal custody by Puerto Rico, as a relinquishment of state custody.

Additionally the procedure employed in this matter for that period of credit imparts much the same as the breach in the case of **Weeks v. Fleming, 301 F. 3d 1175, at pp. 1181.**

Premised upon these holdings the petitioner is entitled to the credits sought from November 3, 1999 until date of sentence in the criminal matter herein January 08, 2001.

The Court should issue the writ.

## II.

### THE PRONG ONE ISSUE SURROUNDING THE STIPULATED CUSTODY OCCASIONED BY THE ORIGINAL ARREST FOR POSSESSION OF WEAPONS AND NARCOTICS BY PUERTO RICO WHICH CHARGES WERE DISMISSED IN FAVOR OF THE CHARGES IN THIS MATTER CREDITS IS BREACH OF THE PLEA AGREEMENT IN THIS WITHIN MATTER

All parties to this mater at the time of the plea agreement knew that the Defendant was to be afforded credit from the date of original arrest on the subsequently picked up of the defendant by Puerto Rico on criminal charges which were auumed into this prosecution as Counts 1 and 2 which the plea of guilty was tendered.

The original arrest took place on December 7, 1997 and thereinafter the defendant was released on bail after some custody which amounted to that time of arrest until he was bailed on or about the ___ Day of _____, 199_.

When this matter was assumed by the Government and the matter was dismissed by the Puerto Rico authorities, that custody in connection with which was now Count I and II was entitled to be awarded to the Defendant as that custody had never been awarded to any other party or entitty as a matter of fact. **Weeks v. Fleming, 301 F. 3d 1175, 1180-81** makes it clear that the Defendant is entitled to these credits as a matter of law either pursuant to 18 U.S.C. 3585(b) or 3568

It is clear that the Bureau of Prisons has done no investigation respecting this matter, and that they have continually and still maintain that there are no credits due to this defendant, notwithstanding the showing which is made herein.

Further the Bureau of Prisons has ignored the plain fact that there is this period of time, involved, rather they have claimed

(5)

that these credits must have been assumed and eaten up in a latter Puerto Rico case in which there was a new narcotic violation which was and is totally unrelated to the second Puerto Rico arrest.

Investigation of this matter should reveal that the position of this petitioner is appropriate and relief should be granted.

### III.

#### A BREACH OF THE PLEA AGREEMENT REQUIRES EITHER ENFORCEMENT OF THE AGREMENT OR ABROGATION OF THE AGREEMENT IN TOTO AND FURTHER PROCEEDINGS

There is simply no excuse which can be presented by the Government in this matter, that an agency of their Department of Justice has failed after being properly advised of the premises of the plea agreement to make appropriate examination and proper sentence credit awards as specifically set ofrth in the plea agreement.

The Government is acting in bad faith in this matter as there has been no substantial steps occasioned in over three years by the Bureau of Prisons to make a resolution of this matter and see that the proper award of credits, which in fact as to Prong Two have been and were stipulated.

The Government is bound by the material promise made to the defndant in this case, as shown by the mandatory language of paragraph 13 of the plea agreement, as it was in part this inducement which occasioned the plea of the defendant to enter a plea of guilty. **Santobello v. New York, 404 U.S. 257, 262.**

The promise made to this defendant must be fulfilled as it's inducement to the plea makes it imperative that the Government be held to strict liability. **United States v. Reqwis, 969 F. 2d 985,**

(6)

988.

Further as the government has stipulated to those facts the Government may not now argue in contradiction of those facts as a matter of law. **United States v. Jefferies, 908 F. 2d 1520, 1527.**

In this matter due to the breach, the Defendant asks that the Government be held to strict compliance and/or that the agreement be abrogated and the court set this matter for such and further proceedings as appear appropriate.

## CONCLUSION

For the reasons as expressed herein it is respectfully requested that this Court enter appropriate orders as warranted in this within mater.

Respectfully submitted,

_____
WILKINS MALDONADO GARCIA, Defendant
Appearing Pro Se

United States Correctional Facility-Elkton
P.O. Box 10, Register Number: 19305-069,
Lisbon, Ohio, 44432

(7)