**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>    Plaintiff,<br><br>           v.<br><br>**WILKINS MALDONADO GARCIA**,<br>    Defendant. | **CRIMINAL NO. 99-322 (PG)** |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION**
**TO ENFORCE HIS PLEA AGREEMENT**

**TO THE HONORABLE COURT:**

COMES NOW, the United States of America, through the undersigned attorneys and to this Honorable Court it is very respectfully alleged and prayed as follows:

**I.    BACKGROUND**

On September 23, 1999, defendant pled guilty to charges brought by the Commonwealth of Puerto Rico and received a two year term of incarceration. On November 3, 1999, defendant was removed to federal custody under a writ to answer charges brought by the United States pursuant to 21 U.S.C. § 841(a)(1) and other related charges, 99-cr-322-01 (PG).

Subsequently, defendant was paroled from his Commonwealth sentence on August 19, 2000. Thereafter, pursuant to a plea agreement, defendant pled guilty in federal court on August 29, 2000, and received a nine year term of incarceration.

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION**
**TO ENFORCE HIS PLEA AGREEMENT**
Case No. 99-322 (PG)
Page 2

Defendant files the instant petition seeking enforcement of his plea agreement, namely, that he be given credit for all time while in federal custody. Defendant specifically seeks credit for the period of November 3, 1999 up until his sentence on January 8, 2001.

## II. LACK OF JURISDICTION

Although defendant has exhausted his administrative remedies within the Bureau of Prisons, he has filed the motion in the wrong court.

> Once administrative remedies have been exhausted...judicial review may be obtained by the filing of a habeas corpus petition under 28 U.S.C. § 2241 challenging the execution of the sentence by the BOP...District Courts have authority to entertain such petitions and to grant credit if appropriate,..., but review must be sought in the district of confinement rather than in the sentencing court. Jimenez v. Warden, FDIC, Fort Devens, Massachusetts, 147 F.Supp.2d 24, 27 (D. Massachusetts 2001) *citing* United States v. Miller, 871 F.2d 488 (4th Cir. 1989).

Defendant is presently incarcerated in the United States Correctional Facility - Elkton, Lisbon, Ohio. This motion should be filed in the United States District Court which encompasses said location.

**WHEREFORE**, the United States of America respectfully requests that this Honorable Court deny defendant's motion, with leave for defendant to file in the appropriate court. Should the Court decide to entertain defendant's motion, the United States would request another date to file an appropriate response on the merits.

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
TO ENFORCE HIS PLEA AGREEMENT**
Case No. 99-322 (PG)
Page 3

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 21ST day of July 2005.

           **H. S. GARCIA**
           U.S. ATTORNEY

           s/Scott Anderson
           Scott H. Anderson
           USDC-PR No. G00214
           Assistant United States Attorney
           Torre Chardon, Suite 1201
           350 Carlos Chardon St.
           San Juan, PR 00918
           Tel. (787) 766-5656

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, same was sent to defendant by United States Postal Service at United States Correctional Facility - Elkton, P.O. Box 10, Register Number: 19305-069, Lisbon, Ohio 44432.

           s/Scott Anderson
           Assistant United States Attorney