UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILKINS MELDONADO GARCIA
    Petitioner,

VS.

UNITED STATES OF AMERICA
    Respondent,

Case No. 3:99-CR-322-1
Hon: Juan M Perez Gimenez

MOTION TO MODIFY TERM OF IMPRISONMENT
PURSUANT TO 18 U.S.C. 3582 (C) (2).

NOW COMES, Wilkins Garcia, herein after Petitioner, pro se, and pursuant to 18 U.S.C. 3582 (C) (2), and moves this honorable court for a reduction of his prison term. In support of said motion Petitioner states as follow.

On August 29, 2000 Petitioner pleaded guilty on count 1, possession with intent to distribute (49 grams) cocaine base in violation of 21 U.S.C. 841(a); count 2 possession of a weapon in violation 18 U.S.C. 922(v). Petitioner's base offense level was 29; for count 1 and 60 months for count 2, criminal history category III, the court imposed 108 months imprisonment on count 1, and 60 months on count 2 to run concurrent.

On May 1, 2007 the United States Sentencing Commission amended the Sentencing Guidelines, specifically Amendment 706 which became effective November 1, 2007, and explicitly voted on December 11, 2007 to make retroactive.

Amendment 706 which pertains to offenses involving cocaine base "crack," adjusted downward two levels to the base offense level assigned to each threshold of quantity of

crack cocaine listed in the drug quantity table 2D1.1. A motion to modify sentence due to retroactive amendment which alters previous sentencing guidelines range, require district court to make two distinct determinations, [f]first, by substituting only the amended sentencing range for the originally determined sentencing range, and leaving all other previous factual decisions concerning particularized sentencing factors intact, the district court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing; [s]second, district Court must consider the determination together with general sentencing consideration in exercise its informed discretion to decide whether or not to modify the original sentence previously imposed. See United States V. Wyatt, 115 F.3d 606 (8th Cir. 1997).

Thus, Petitioner request that this Honorable Court apply Amendment 706 and adjust Downward two levels to his base offense, placing him at level 27, with a sentencing range of 87 -108 months. Furthermore, Petitioner prays this honorable court will adjust his total sentence, due to the drug amounts in question never being submitted to for a beyond a reasonable doubt finding, using the recent decision of Kimbrough V. United States, 06-6330 (2007), which held judge's may determine that a particular sentence within the Guidelines is greater than necessary to serve the objective of sentencing under 3553(a), in making the determination, the judge may consider the disparity between the Guidelines treatment of "crack" and powder offenses, moreover, Gall V. United States, 06-7949 (2007) instructs the court to apply a sentence that is,

"Reasonable," finally this court should apply United States V. Booker, 543 U.S. 220 (2005), See United States V. Hicks, 472 F.3d 1167 (9th Cir. 2007) "Booker applies to resentencing brought under 18 U.S.C. 3582(C) (2) authorizing court to modify a sentence based on subsequent lowering of sentencing guidelines range by Sentencing Commission.

## CONCLUSION

Wherefore, Petitioner requests in the interest of justice that this Honorable Court amend his term of imprisonment to reflect the Sentencing Guideline modification of the base offense level.

Dated
1/14/08

Respectfully submitted

Wilkins Garcia # 19305-069
FCI Elkton
P.O. Box 10
Elkton, Ohio 44432

3

## PROOF OF SERVICE

I hereby certify pursuant to the penalty of perjury, pursuant to 28 U.S.C. 1746 that a true copy of the foregoing was served upon AUSA Timothy Vasquez On _14_ day of _January_ 2008, by placing said copy in the prison legal mail box with proper postage addressed to 350 Chardon Street, room 1201 Hato Roy P.R. 00918

Respectfully submitted

*[signature]*